**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

METROPOLITAN TRANSPORTATION AUTHORITY,
THE NEW YORK CITY TRANSIT AUTHORITY AND
EL SOL CONTRACTING & CONSTRUCTION CORP.,

                  Plaintiffs,

               -vs-

JAMES RIVER INSURANCE COMPANY,

                 Defendant.

Case No.: 1:19-cv-03266-RA

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS' MOTION TO AMEND AND REARGUMENT

GOLDBERG SEGALLA LLP
Jonathan Schapp, Esq.
*Attorneys for Defendant*
665 Main Street, Suite 400
Buffalo, New York 14203
Tel:  716.566.5400
jschapp@goldbergsegalla.com

24666605.v2

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................................. 3

III.    LEGAL ARGUMENT .................................................................................................. 5

      A.      Plaintiffs' Proposed Amendments To Their Complaint Are Futile And Cannot Withstand A Motion To Dismiss ............................................................. 6

      B.      Plaintiffs' Motion For Reconsideration Is Improper, Untimely And Must Be Denied ...................................................................................................... 11

            1.      The Court Did Not Overlook Matters Relevant To The Claim.................... 12

      C.      Alternately Plaintiffs' Proposed Claims For Consequential Damages and Attorneys Fees Must Be Dismissed, As A Matter Of Law.................................. 15

            1.      Consequential Damages ............................................................................... 15

            2.      Attorneys' Fees ............................................................................................ 16

VI.     CONCLUSION............................................................................................................ 17

24666605.v2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*,
   160 F.Supp.2d 657 (S.D.N.Y.2001) ..................................................................5

*Bi Economy Market, Inc. v. Harleysville Ins. Co. of New York*,
   10 N.Y.3d 187 (2008) ...................................................................................15

*Black Bull Contr., LLC v. Indian Harbor Ins. Co.*,
   23 N.Y.S.3d 59 (1st Dept. 2016) ....................................................................14

*In Re Boesky Securities Litigation*,
   882 F.Supp 1371 (SDNY 1995) .......................................................................5

*Buck v. Libous*,
   3:02-CV-1142, 2005 WL 2033491 (N.D.N.Y. Aug. 17, 2005) .............................11

*Cooper v. Pate*,
   378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) ........................................6

*Davidson v. Scully*,
   172 F. Supp. 2d 458 (S.D.N.Y. 2001) ..............................................................12

*EEOC v. Thomas Dodge Corp. of NY.*,
   524 F.Supp.2d 227 (EDNY 2007) .....................................................................5

*Foman v. Davis*,
   371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ............................5

*Glendora v. Malone*,
   165 F.R.D. 42 (S.D.N.Y. 1996) ......................................................................11

*Grinshpun v. Travelers Cas. Co. of Connecticut*,
   23 Misc.3d 1111(A) (N.Y. Sup. Ct. 2009) ........................................................16

*Hampton Bays Connections, Inc. v Duffy*,
   212 FRD 119 (EDNY 2003) ...........................................................................10

*Hayles v. Advanced Travel Mgmt. Corp.*,
   2004 WL 117597 (S.D.N.Y. 2004) ..................................................................14

*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.*,
   74 F.R.D. 621 (S.D.N.Y. 1977) ......................................................................11

*Jane Street Holdings, LLC v. Aspen Am. Ins. Co.*,
    2014 WL 28600 (S.D.N.Y. Jan. 2, 2014) ...............................................................16

*Jones v. New York Div. of Military & Naval Affairs*,
    166 F.3d 45 (2d Cir.1999)..........................................................................................5

*Kings Infinity, Inc. v. Zurich American Ins. Co.*,
    43 Misc.3d 1207(A)(Kings Co. 2014) ....................................................................16

*Loren v. City of New York*,
    2017 WL 5903358 (S.D.N.Y 2017)........................................................................13

*Makas v. Orlando*,
    No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131 (S.D.N.Y. May 19,
    2008) .........................................................................................................................12

*McGraw-Hill Global Education Holdings, LLC v. Mathrani*,
    293 F.Supp.3d 394 (S.D.N.Y 2018)........................................................................11

*New York University v. Continental Insurance Co.*,
    87 N.Y.2d 308 (1995) .............................................................................................17

*In re Optimal*,
    813 F. Supp. 2d at 387 ............................................................................................12

*Panasia Estates, Inc. v. Hudson Ins. Co.*,
    10 N.Y.3d 200 (2008) .............................................................................................15

*Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.*,
    No. 96–1829, 2001 WL 1286989, 2001 U.S. Dist. LEXIS 17625 (S.D.N.Y.
    Oct. 24, 2001) ...........................................................................................................5

*Range Rd. Music, Inc. v. Music Sales Corp.*
    90 F.Supp.2d 390 (S.D.N.Y. 2000).........................................................................14

*Ruffolo v. Oppenheimer & Co.*,
    987 F.2d 129 (2d Cir.1993)......................................................................................5

*Sanderson v. First Liberty Ins. Corp.*,
    2017 WL 5176371 (N.D.N.Y. Nov. 7, 2017) .........................................................16

*Shrader v. CSX Transp. Inc.*,
    70 F.3d 255 (2d Cir. 1995)......................................................................................12

*Trapani v. 10 Arial Way Assocs.*,
    301 A.D.2d 644 (2nd Dept. 2003) ..........................................................................10

*Van Buskirk v. United Grp. of Cos., Inc.*,
    935 F.3d 49 (2d Cir. 2019)...................................................................................12

*Worcester Ins. Co. v. Bettenhauser*,
    95 N.Y.2d 185 (2000) ......................................................................................14

*Zahra v. Town of Southold*,
    48 F.3d 674 (2d Cir.1995)...................................................................................5

*Zamora v. Fit International Group, Corp.*,
    2019 WL 2416941(SDNY 2019) ......................................................................12

*Zappone v. Home Ins. Co.*,
    55 N.Y.2d, at 136–137 (1982) ..........................................................................14

**Statutes/ Other Authorities**

§3420(d) ...........................................................................................................14

§ 3420(d)(2) ......................................................................................................14

FRCP 12(b)(6) ...............................................................................................1, 5

FRCP 15............................................................................................................5

FRCP 59...........................................................................................................2,11

FRCP 60...........................................................................................................2,11

Local Civil Rule 6.3 .........................................................................................2,11,12

Insurance Law 3420 .........................................................................................13,14

iv

Defendant, James River Insurance Company ("James River"), by and through its attorneys, Goldberg Segalla, LLP, submits the following Memorandum of Law in opposition to Plaintiffs' Motion to Amend the Complaint and for Reargument and/or Reconsideration of the Court's prior Order granting James River's motion to dismiss, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

## I.       PRELIMINARY STATEMENT

Plaintiffs initiated this breach of contract suit seeking coverage as additional insureds under a general liability policy of insurance issued by James River to Nuco Painting Corporation ("NUCO"), with respect to an underlying New York State Labor Law lawsuit.  James River denied the tender and moved to dismiss the Complaint as the allegations in the Complaint, including the Policy and the underlying trade contract on which Plaintiffs rely, conclusively establish that no additional insured coverage is owed to Plaintiffs.

As a result of this Court's dismissal of the original Complaint, Plaintiffs now engage in a futile attempt to amend their pleading seeking additional insured coverage.  Plaintiffs contend that amending their Complaint to allege that NUCO was an "excluded contractor" from the Plaintiffs' Owner Controlled Insurance Program ("OCIP") affects the viability of the claim.  It does not.  Plaintiffs further assert that the Court was under the misimpression that NUCO was covered under the OCIP.  It was not, as the original motion papers made clear that for purposes of the motion, NUCO was not covered by the OCIP.  Thus, the court did not overlook or miscomprehend a material fact in finding that no additional insured coverage was owed.  Furthermore, the issue of whether NUCO was an "excluded contractor" is irrelevant to the determination of additional insured coverage, as the basis for such coverage was properly assessed exclusively via the terms of the subject trade contract between Plaintiffs and NUCO and the Policy.  The subject trade contract only requires additional insured liability coverage to

24666605.v2

Plaintiffs only for "off-site" activities.  As the Court correctly found, the underlying Labor Law complaint indisputably seeks recovery for an *on-site* accident covered by the Plaintiffs' OCIP, there is no obligation on the part of NUCO and/or James River to provide additional insured coverage to Plaintiffs for the underlying lawsuit regardless of whether NUCO was an "excluded contractor" or not.  Thus, the amendment of the Complaint to add allegations that NUCO was an "excluded contractor" changes nothing in determining additional coverage under the circumstances as the Court already ruled with the assumption that NUCO was an "excluded contractor."  Therefore, Plaintiffs' proposed amendment is futile in correcting the pleading deficiency.

Moreover, Plaintiffs' motion seeking reargument and reconsideration is improper and untimely, as a matter of law.  Specifically, Plaintiffs seek reargument and reconsideration of the prior motion to dismiss under FRCP Rule 59 and 60 rather than Local Civil Rule 6.3.   However, the Court's October 16, 2019 order was not a final judgment and thus not amenable to amendment via FRCP 59 or 60.   Secondly, under the rules of this District, motions for reargument and reconsideration must be made within 14 days of the entry of the Order deciding the motion. *See*, Local Civil Rule 6.3.  Here, Plaintiffs' motion for reargument was filed 29 days later on November 14, 2019, and thus, was untimely as a matter of law.  Even if assessed on its merits, Plaintiffs' Second Cause of Action in its proposed amended Complaint alleging James River failed to timely assert coverage defenses to Plaintiffs' tender for additional insured coverage must be dismissed as a matter of law, as this claim is also redundant to, and subsumed by, the First Cause of Action. Furthermore, there is no legal underpinning for seeking a declaration on the proposed Second Cause of Action as James River does not rely on exclusionary provisions in denying coverage for this claim.  Thus, it is respectfully submitted

that Plaintiffs' have not met their burden in demonstrating that the amendments to their original Complaint can withstand another motion to dismiss, and thus, Plaintiffs' motion must be denied in its entirety.

## II.      STATEMENT OF FACTS

This action arises from an underlying Labor Law suit commenced by plaintiff, Lance Myck, venued in New York Supreme Court, New York County (Index No. 158941/2017) and styled *Lance Myck v. Metropolitan Transportation Authority, The New York City Transit Authority and El Sol Contracting & Construction Corp.* ("*Myck* Action" or "Underlying Action"). *See*, Doc 24-3, **Exhibit C** to J. Simon Declaration, p. 133 of 162.  Claimant Myck, alleges that he was injured in a construction related accident on or about May 11, 2017 while working in the course of his employment with NUCO at the Grand Central Station Bridge/Viaduct located at 45th Street at Lexington and Park Avenue, in Manhattan, New York ("Project"). *Id*.

Prior to May 11, 2017 NUCO entered into a contract with Plaintiff, El Sol for work to be performed at the Project site. *See*, Doc 24-2, **Exhibit B** to Simon Declaration, Sub-Contract Agreement, dated March 14, 2014.   The Sub-Contract Agreement contains insurance procurement provisions related to the Project. *Id*., Article 9.   The Article 9 insurance procurement requirements state that on-site activities are covered by Plaintiffs' OCIP, while certain off-site activities are to be provided by NUCO, including off-site General Liability Insurance. *See*, *Id*.

James River issued a Commercial General Liability Policy to NUCO with effective dates April 14, 2017 through April 14, 2019 and having an each occurrence limit of $2,000,000 and

policy aggregate limit of $4,000,000 ("Policy"). *See*, Doc 24-3, **Exhibit C** to Simon Declaration, p. 31 of 162.

The original Complaint asserted three causes of action. The First Cause of Action was a breach of contract claim wherein Plaintiffs allege that James River failed to honor its obligations under the Policy to provide Plaintiffs with defense and indemnity for the Underlying Action resulting in an "actual breach of contract." *See*, Doc 24-1, Simon Declaration, **Exhibit A**, para. 18-22. Plaintiffs alleged direct and consequential damages as a result of the breach. The Second Cause of Action sought a declaration that the Policy issued to NUCO provides coverage for the Underlying Action and that Defendant refused to provide Plaintiffs with coverage under the subject Policy. *Id*. at para. 24-31. The Third Cause of Action sought a declaration that Plaintiffs are owed a duty of defense and indemnity under the subject James River Policy and alleges that James River waived any right to assert exclusionary provisions as a basis to deny coverage. *Id*. at para. 32-35.

Plaintiffs commenced this action in New York State Supreme Court, County of New York. On April 11, 2019 James River removed the action to this Court based on diversity of citizenship. *See*, Doc 1.

Thereafter, James River moved to dismiss the Complaint on the ground that Plaintiffs fail to state a claim upon which the requested relief may be granted based on the pleaded facts and controlling law. *See*, Doc 24-3, James River's Motion to Dismiss; Doc 24-4, Plaintiffs' Opposition; and Doc 24-5, James River's Reply.

On October 16, 2019, this Court issued its Memorandum Opinion and Order granting James River' Motion to Dismiss, but allowing Plaintiffs leave to file a motion to amend. Doc. 22.

On November 14, Plaintiffs filed the subject motion to amend under FRCP 15 and motion for reconsideration and reargument under FRCP 59 and 60.

## III.    LEGAL ARGUMENT

A motion to amend the pleadings is governed by FRCP Rule 15(a).   The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995).  In deciding whether to grant leave to amend the complaint, the district court may consider such factors as undue delay, bad faith on the part of the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party and, as relevant here, futility of the amendment. *See*, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Leave to amend is properly denied on the grounds of futility where the proposed amendment is frivolous or legally insufficient on its face and it would not withstand a motion to dismiss for failure to state a claim. *See, In Re Boesky Securities Litigation*, 882 F.Supp 1371 (S.D.N.Y. 1995); *EEOC v. Thomas Dodge Corp. of NY.*, 524 F.Supp.2d 227 (E.D.N.Y. 2007). If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo v. Oppenheimer & Co*., 987 F.2d 129, 131 (2d Cir.1993).  A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under FRCP 12(b)(6). *See, A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y.2001). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Randolph–Rand Corp. of New York v. Tidy Handbags, Inc*., No. 96–1829, 2001 WL 1286989, at *5, 2001 U.S. Dist. LEXIS 17625, at * 15 (S.D.N.Y. Oct. 24, 2001) (quoting *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999)). In addition, in evaluating a motion to

5

dismiss, the Court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

**A.    Plaintiffs' Proposed Amendments To Their Complaint Are Futile And Cannot Withstand A Motion To Dismiss**

The issue to be determined in this case is whether Plaintiffs qualify as additional insureds under the Policy.  As this Court previously determined that Plaintiffs' Complaint did not state a claim for additional insured status, there is no breach of the insurance contract.  Nothing in Plaintiffs' proposed amended complaint changes this reality.

The NUCO Policy contains a blanket additional insured endorsement that provides additional insured coverage as per the underlying trade contract.  Specifically, it states, in part:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULE PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name of Person or Organization:** |
| --- |
| As per the written contract |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of you ongoing operations performed for that insured.

…

Pursuant to the above endorsement, a person or organization will be deemed an insured under the Policy to the extent shown in the above Schedule. The above-cited Schedule denotes "*As per the written contract*." (emphasis added). Therefore, in order to be covered under the Policy, the work must be expressly designated in a written contract.

As alleged by Plaintiffs, NUCO entered into a Sub-Contract Agreement with El Sol, dated March 14, 2014 for the Project owned by the MTA – Metro-North Railroad. *See*, Doc 24-2, Simon Declaration, **Exhibit** B, p.1. The Sub-Contract Agreement states that subcontractors would be covered by the Owner Controlled Insurance Program ("OCIP") covering the Project as specified. Specifically, the Sub-Contract Agreement contains the following insurance requirements:

> ARTICLE 9   INSURANCE
>
> 9.1   Insurance to Be Provided by Subcontractor:   This project is covered by owner-provided insurance under MTA's OCIP (Owner Controlled Insurance Program), as described in the principal contract documents.
>
> (a)   This program includes, for on-site activities:   Worker's Compensation Insurance, General Liability Insurance, Excess Liability Insurance, Builder's Risk/Installation Floater Insurance, and Railroad Protective Liability Insurance.
>
> (b)   For more information on "exempt" and "excluded" contractors – refer to the OCIP Manual in the Contract Terms and Conditions. **(Environmental trades such as lead and asbestos abatement are excluded under the Principal Contract.)**
>
> (c)   Insurance that is not covered under the OCIP: off-site Worker's Compensation Insurance, off-site General Liability Insurance, Business Automobile Liability Insurance, other insurances may also apply – refer to the OCIP Manual in the Contract Terms and Conditions.
>
> (d)   All policies described above shall include as additional insured the parties shown below:
>
> El Sol Contracting/El Sol Limited Enterprises JV
> MTA – Metro-North Railroad

> City of New York
> New York State
> Argent Ventures LC
> Midtown Trackage Ventures LLC
> Midtown TDR Ventures LLC
> Connecticut Department of Transportation
>
> …

*See*, Doc 24-2, Simon Declaration, **Exhibit B**, Article 9.

It is respectfully submitted that in moving for leave to amend, Plaintiffs incorrectly assert that the Court dismissed this matter based upon the belief that NUCO was an insured on the OCIP policy. *See*, Doc 25, Simon Memorandum of Law, p.3.   Rather, while the Court cites to the Policy's OCIP provision within its Memorandum Opinion and Order for context, it is clear that it premised its dismissal on the express terms of the Sub-Contract Agreement and not on the NUCO status as an insured under the OCIP, wherein it states:

> Here, the Subcontract expressly provides that "General Liability Insurance" "for on-site activities" is "covered by owner-provided insurance under MTA's OCIP." Id. §9.1  It therefore follows that Plaintiffs were not covered for Myck's injury which – it is undisputed – occurred on site.

Furthermore, Plaintiffs specifically argued in its opposition to James River's motion to dismiss and set forth in detail that NUCO was *not* covered by the OCIP.  *See*, Doc 24-4, para. 15-16.   James River has never contested this fact.   Thus, the court did not overlook or miscomprehend a material fact in finding that no additional insured coverage was owed and that Plaintiffs could not state a claim for relief, but rather based its rationale purely on the terms of the Sub-Contract Agreement.

Notwithstanding the foregoing, Plaintiffs now contend that by merely alleging that NUCO was designated as an "excluded contractor" (an issue not contested on the original motion), their claim for additional insured coverage is sufficient to meet their burden of pleading.

*See*, Doc 25, Simon Memorandum of Law, p.3.  Specifically, while the proposed amended complaint (Doc 24-12, Simon Declaration, **Exhibit L**) does not contain redline changes, it appears that the substantive amendments alluded to above include additional paragraphs alleging that NUCO was not an insured under the OCIP policy in effect at the job site (*Id*., para 12); that at the time of the incident, NUCO was working on the job site as an "Excluded Contractor" (*Id*., para.13); and prior to the underlying occurrence, NUCO was deemed to be an excluded contractor in terms of the OCIP and was permitted to work at the jobsite utilizing its own coverages (*Id*., para 14).  Also, the proposed amended First Cause of Action alleges that as an excluded contractor, NUCO was not covered under the OCIP policy (*Id*., para 23) and that excluded contractors were required to provide their own insurance naming the owner and contractor as additional insureds (*Id*., para 24).

However, none of these new allegations changes anything in regard to the determination of additional insured coverage or whether the underlying trade contract required NUCO to provide such coverage.  Plaintiffs' motion explaining the basis for the amended allegations again ignores the express terms of the Sub-Contract Agreement terms and impermissibly interjects Plaintiffs' intent via extrinsic evidence and affidavits over the express unambiguous contractual terms.  Indeed, pursuant to the Policy terms, it is the underlying trade contract that controls whether such coverage must be afforded; and here, the above-cited Sub-Contract Agreement simply does not require coverage for on-site accidents, regardless of whether the contractor is an excluded contractor or not. *See*, Doc 24-2, **Exhibit B**, Article 9.1(a)(noting that the program includes General Liability Insurance for on-site activities).  Conversely, the Sub-Contract Agreement expressly states that off-site general liability incidents were not to be covered under the OCIP, and that NUCO was to obtain, *inter alia*, general liability insurance therefor. *See*, *Id*.,

Subsection 9.1(c).  As the underlying *Myck* Action was indisputably an on-site accident, the subject blanket additional insured endorsement was not triggered and no additional insured coverage is afforded to Plaintiffs. *See, Trapani v. 10 Arial Way Assocs.,* 301 A.D.2d 644, 647 (2d Dept. 2003)(holding, a provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated).  Thus, the status of NUCO as an "Excluded Contractor" does not alter the viability of Plaintiffs' claim. Therefore, the amendments to the Complaint are futile on its face. *See*, *Hampton Bays Connections, Inc. v Duffy*, 212 FRD 119, 122-23 (E.D.N.Y. 2003).

While Plaintiffs rely on, and cite to, specific provisions of the OCIP Project Insurance Manual (the "Manual"), the cited provisions only cloud the issues and provide further support to James River's position.  They do not clarify the application of the OCIP or excluded contractor as to on-site versus off-site accidents in the same manner as the controlling Sub-Contract Agreement.  Specifically, in one instance, Plaintiffs cite to select portions of the Manual addressing coverage for *Product liability to an excluded contractor*, among others, which has nothing to do with the instant matter, and thus, is meaningless in supporting Plaintiffs' position. *See*, Doc 25, p.4.  Indeed, the Manual notes in the Introduction thereto that this Manual "***Does not and is not intended to provide coverage interpretations.  All policies are subject exclusions, terms and conditions of the specific policies governing how coverage applies. In the event that are any inconsistencies between this manual and the actual Contract Terms and Conditions or Technical Specifications, the Contract language shall prevail***." (emphasis in original) *See*, Doc 24-6, Manual, p.3.  Thus, the OCIP Manual does not address application of an excluded contractor relative to on-site versus off-site accidents as set forth in Article 9 of the Sub-Contract

10

Agreement, and in fact, may even contradict the Agreement in which case the Sub-Contract Agreement provisions control.

Based on the foregoing, Plaintiffs' motion for leave to amend the Complaint should be denied.

### B. Plaintiffs' Motion For Reconsideration Is Improper, Untimely And Must Be Denied

Plaintiffs seek an order pursuant to FRCP 59 and FRCP 60 for reconsideration of the Court's October 16, 2019 Memorandum Opinion and Order. *See*, Doc 23, Notice of Motion; Doc 24, Simon Declaration, para 2. However, the motion should be denied without even considering the merits thereof. Specifically, it is well established that Rule 59 and Rule 60 only apply to a *final* judgment – not an interlocutory order such as the Court's Decision. *Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.*, 74 F.R.D. 621, 623 (S.D.N.Y. 1977); *Glendora v. Malone*, 165 F.R.D. 42, 43 (S.D.N.Y. 1996); *Buck v. Libous*, 3:02-CV-1142, 2005 WL 2033491 (N.D.N.Y. Aug. 17, 2005); *see also, McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F.Supp.3d 394 (S.D.N.Y 2018)(citing cases holding that an Order deciding a motion to dismiss was not a "judgment" because it is an interlocutory order from which no appeal lies). Therefore, Plaintiffs' motion for reconsideration is invalid on its face and should be denied.

Notwithstanding that Plaintiffs Notice of Motion and Declaration fail to seek relief under Local Civil Rule 6.3, which is the proper vehicle for reconsideration, any such motion is untimely, as a matter of law. Local Civil Rule 6.3, entitled Motions for Reconsideration or Reargment provides: "Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a notice of motion for reconsideration or reargument of a court order … shall be served within ***fourteen (14) days*** after the entry of the Court's determination of the original motion …." (emphasis added). *See also, McGraw-Hill Global Education Holdings, LLC,*

24666605.v2

*supra; Zamora v. Fit International Group, Corp.,* 2019 WL 2416941(SDNY 2019)(holding that the untimeliness of a motion for reconsideration is reason enough to deny on the motion).

Because the Decision from which Plaintiffs seek relief was entered on October 16, 2019, and Plaintiffs did not make this motion until November 14, 2019 – 29 days later – the motion is untimely and should be denied on that basis alone.

### 1.     The Court Did Not Overlook Matters Relevant To The Claim

Even if this Court were to consider Plaintiffs request for reconsideration on the merits, it must still be denied.   Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc*., 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted)(noting that the standard for granting motions for reconsideration is "strict"); accord *Van Buskirk v. United Grp. of Cos., Inc*., 935 F.3d 49, 54 (2d Cir. 2019).

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating old issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001)(citing *Shrader*, 70 F.3d at 257). "Such a motion should not be made to reflexively [ ] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal*, 813 F. Supp. 2d at 387 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)).

Here, Plaintiffs contend that the Court based its determination on the application of the OCIP exclusion contained in the Policy and seek a declaration that this exclusion has been

waived pursuant to Insurance Law §3420.  The specific basis for the motion is unclear, but it appears that Plaintiffs are arguing that this Court made an error of law.  However, Plaintiffs failed to discuss the standard and cited no case law demonstrating that they have met the high standard required for the Court to reconsider its Decision.   Nevertheless, it is respectfully submitted that this Court, while acknowledging the existence of an OCIP exclusion in the Policy did not use this as a basis to deny the motion, as the determination for denial of the Complaint was based on the express language of the Sub-Contract Agreement stating that liability coverage was only required for off-site activities (i.e, accidents).  There was no fact overlooked by the Court in granting the prior motion.  As such, Plaintiffs motion for reconsideration must be denied.  Also, it should be noted that Plaintiffs reliance on the affidavit of Christian Pena (Doc 24-9, Simon Declaration, **Exhibit I**) is impermissible under the strict standard, thus further justifying the dismissal of the motion. *See, Loren v. City of New York,* 2017 WL 5903358 (S.D.N.Y 2017)(citing Local Rule 6.3 noting that "[n]o affidavits shall be filed by any party unless directed by the Court").

Furthermore, Plaintiffs' request for reconsideration of its Insurance Law §3420(d) waiver claim is premised on Plaintiffs' proposed amended Second Cause of Action (Doc 24-12, para 29), which is identical to its original Third Cause of Action (Doc 24-1, para.32) that the Court expressly dismissed as duplicative. *See*, Doc 22, 6-7.  However, Plaintiffs again propose to allege that James River failed to assert any coverage defenses as required by Insurance Law §3420, and thus waived any right to assert exclusionary provisions as a basis to deny coverage. Doc 24-12, para 30-32.  As previously argued, this Cause of Action is redundant to, and subsumed by, the First Cause of Action, and thus, must be dismissed for the same reasons as cited in the Court's October 16, 2019 Memorandum Opinion and Order.  Plaintiffs do not assert any new fact this

13

Court overlooked but merely attempts to argue a point that was previously decided, conceding that it failed to adequately oppose the issue in its prior opposition, which is fatal to its reconsideration. *Hayles v. Advanced Travel Mgmt. Corp.,* 2004 WL 117597, at *1 (S.D.N.Y. 2004)("A movant may not …advance new facts, issues or arguments not previously presented to the Court, or reargue those issues already considered); *see also, Range Rd. Music, Inc. v. Music Sales Corp.* 90 F.Supp.2d 390 (S.D.N.Y. 2000)(holding, "[t]hat plaintiffs are unhappy with the Court's decision … affords no basis to support a motion for reconsideration"). Thus, not only is the motion untimely, and procedurally defective, it lacks any merit. As previously briefed, there is no legal underpinning for seeking such a declaration as James River does not rely on exclusionary provisions in denying coverage for this claim, but rather relies on the fundamental lack of coverage regarding insured status. Thus, the requirements under §3420(d) for issuing a timely disclaimer alleged by Plaintiffs simply do not apply. *See, Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 188-189 (2000)(holding, disclaimer pursuant to section 3420(d) is unnecessary when a claim falls outside the scope of the policy's coverage portion and further noting that under those circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed); *see also*, *Black Bull Contr., LLC v. Indian Harbor Ins. Co.*, 135 A.D.3d 401, 403 (1st Dept. 2016)(holding, "[d]isclaimer pursuant to section 3420(d) [now § 3420(d)(2)] is unnecessary when a claim falls outside the scope of the policy's coverage portion"); *Zappone v. Home Ins. Co.,* 55 N.Y.2d, 131, 136–137 (1982)(holding, the denial of liability based upon lack of coverage within the insurance agreement is distinguishable from disclaimer attempts based on a breach of a policy condition).

14

Thus, Plaintiffs' motion for reconsideration must be denied and the continued inclusion of this Cause of Action is futile.

### C.   Alternately Plaintiffs' Proposed Claims For Consequential Damages and Attorneys Fees Must Be Dismissed, As A Matter Of Law

Plaintiffs' proposed claims for consequential damages and attorneys fees are the identical claims asserted in its original Complaint, which this Court rejected in its October 16, 2019 Memorandum Opinion and Order.  *See*, Doc 22, pp. 6-7.  Thus, leave to amend the Complaint to include these claims should be denied.  However, to the extent that the Court considers such relief, James River provides the following prior briefing on these issues.

#### 1.   Consequential Damages

Consequential damages are not recoverable unless such damages were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (2008); *Bi Economy Market, Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 192 (2008).  In *Bi-Economy*, the plaintiff suffered a fire loss and sought coverage for the building as well as business property and loss of business income.  The plaintiff alleged that the insurer improperly delayed payment and failed to timely pay the amount due, and that as a result, its business collapsed and that such collapse was "reasonably foreseeable."  *Panasia, supra*, 10 N.Y.3d at 191.  The court found that the "very purpose" of business interruption coverage would have made the insurer aware that a breach of its obligations would result in damages to the plaintiff.  Since the "very purpose" of business interruption coverage is to ensure that the plaintiff has the necessary financial support to sustain its business in the event of a disaster, the claim for consequential damages could stand.  *Id.* at 194.

Here, Plaintiffs fail to make any similar claims. They merely allege that Defendant breached the Policy by failing to acknowledge its coverage obligations and the duty to defend. There is no allegation of the foreseeability of the consequential damages. Plaintiffs have not identified any provision in the Policy suggesting any special damages would be available in the event of a breach. As such, any such claim must be dismissed. *See Sanderson v. First Liberty Ins. Corp.,* 2017 WL 5176371 *6 (N.D.N.Y. Nov. 7, 2017).

*Kings Infinity, Inc. v. Zurich American Ins. Co.*, 43 Misc.3d 1207(A)(Kings Co. 2014), involved a Superstorm Sandy insurance case wherein the New York State Court dismissed a claim for consequential damages on the basis that the plaintiffs did not allege any consequential damages as a result of the alleged breach of the policy. Rather, the plaintiffs merely alleged that they were deprived of the benefits of coverage under the policy and, as a result, have incurred additional costs. *Id.* at *22. This was deemed insufficient to state a viable claim for consequential damages. *Id.*; *Grinshpun v. Travelers Cas. Co. of Connecticut*, 23 Misc.3d 1111(A) (N.Y. Sup. Ct. 2009); *Jane Street Holdings, LLC v. Aspen Am. Ins. Co.*, 2014 WL 28600 (S.D.N.Y. Jan. 2, 2014). Here, there is no new information or allegation to indicate any basis for the assertion of consequential damages. As such, Plaintiffs' motion seeking leave to amend the pleading regarding this claim therefore must be denied.

## 2.   Attorneys' Fees

Finally, Plaintiffs again seek attorneys' fees in the proposed amended complaint notwithstanding the Court's prior dismissal. *See*, Doc 24-1, Simon Declaration, **Exhibit A**, Verified Complaint, Wherefore Clause. However, it is well established that an insured may not recover the expenses, including attorneys' fees incurred in bringing an affirmative action against his insurer to settle his rights under an insurance policy. *Sanderson*, 2017 WL 5176371 at *6;

24666605.v2

*New York University v. Continental Insurance Co.,* 87 N.Y.2d 308, 324 (1995).  As such, Plaintiffs' request for attorney fees contained in their motion for leave should be denied.

## VI.    CONCLUSION

For the foregoing reasons, James River respectfully requests that this Court deny Plaintiffs' motion seeking reconsideration and leave to amend the Complaint in its entirety, as Plaintiffs have not met their burden for supporting any such relief.


DATED:  Buffalo, New York
            December 6, 2019

                              GOLDBERG SEGALLA LLP

                                      *s/Jonathan Schapp*
                              By:_____
                                      Jonathan Schapp
                              *Attorneys for Defendant*
                              665 Main Street, Suite 400
                              Buffalo, New York 14203
                              Tel:  716.566.5400
                              jschapp@goldbergsegalla.com


TO:    Joel M. Simon, Esq.
        SMITH MAZURE DIRECTOR
        WILKINS YOUNG & YAGERMAN, P.C.
        *Attorneys for Plaintiffs*
        111 John Street
        New York, NY 10038
        212.964.7400
        jsimon@smithmazure.com

24666605.v2