USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

METROPOLITAN TRANSPORTATION AUTHORITY, THE NEW YORK CITY TRANSIT AUTHORITY, AND EL SOL CONTRACTING & CONSTRUCTION CORP.,

Plaintiffs,

v.

JAMES RIVER INSURANCE COMPANY,

Defendant.

No. 19-CV-3266 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Metropolitan Transportation Authority (the "MTA"), the New York City Transit Authority (the "NYCTA"), and El Sol Contracting & Construction Corp. ("El Sol") filed this action against Defendant James River Insurance Company ("James River") alleging that it improperly denied Plaintiffs insurance coverage in an underlying state proceeding. The Court previously granted Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), but also granted Plaintiffs leave to amend the complaint. Now before the Court is Plaintiffs' motion for reconsideration of the Court's prior order and for leave to amend. For the reasons that follow, Plaintiffs' motion is denied.

## BACKGROUND

This action arises out of an underlying personal injury action that Lance Myck, an employee of Nuco Painting Corporation ("Nuco" or the "Company"), filed against Plaintiffs in the Supreme Court of New York on October 5, 2017 (the "Underlying Action"). *See* Simon Decl. Ex. C, Dkt. 24-3, at ECF page 133-138 ("Myck Compl."). In the Underlying Action, Myck alleges

that, on or about May 11, 2017,[1] he was injured while performing work within the scope of his employment for Nuco. *See* Myck Compl. at 4.

At some point prior to May 11, 2017, James River issued an insurance policy to Nuco, effective from April 14, 2017 to April 14, 2018 (the "Policy"). *See* Simon Decl. Ex. C at ECF page 31-131. The Policy included a general liability insurance provision by which James River agreed to defend and indemnify Nuco for, among other things, injuries that Nuco's employees suffered during the course of their work for the Company. *See* Policy at ECF page 38. In particular, the Policy provided that James River would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," but that James River would "have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *See id.* As relevant here, the Policy provided specifically that "[t]his insurance does not apply to any liability arising out of . . . operations . . . where a Consolidated Insurance Program (CIP) in which [the insured] participate[s], commonly referred to as an Owner Controlled Insurance Program (OCIP), . . . has been provided by the contractor, project manager or owner of the construction program in which [the insured is] involved." *See id.* at ECF page 118. The Policy also provided that "additional insured[s]" would be covered "[a]s per the written contract." *See id.* at ECF page 94.

Also prior to May 11, 2017, Nuco was hired as a subcontractor on a construction project owned by the MTA, for which El Sol served as the prime contractor. *See* Dkt. 1-1 ("Compl.") ¶ 11; *Metro. Transp. Auth. v. James River Ins. Co.*, No. 19-cv-3266 (RA), 2019 WL 5212286, at *1 (S.D.N.Y. Oct. 16, 2019). Prior to the start of the project, Plaintiffs and Nuco entered into a

---

[1] According to Plaintiffs' state court complaint, Myck sustained his alleged injuries on or about May 9, 2017. *See* Dkt. 1-1 ¶ 8.

2

Subcontract Agreement (the "Subcontract"). *See* Simon Decl. Ex. B, Dkt. 24-2. Plaintiffs were listed as "additional insured" parties pursuant to the Subcontract. *See* Subcontract § 9.1(d). The Subcontract provided that the project would be "covered by owner-provided insurance under MTA's OCIP (Owner Controlled Insurance Program), as described in the principal contract documents." *See id.* § 9.1. The Subcontract provided further that, "for on-site activities," the OCIP included "Worker's Compensation Insurance, General Liability Insurance, Excess Liability Insurance, Builder's Risk/Installation Floater Insurance, and Railroad Protective Liability Insurance." *See id.* § 9.1(a). The OCIP did not cover, however, "off-site Worker's Compensation Insurance, off-site General Liability Insurance, [or] Business Automobile Liability Insurance." *See id.* § 9.1(c). The Subcontract also directed the parties to refer to the "OCIP Manual in the Contract Terms and Conditions" for "more information on 'exempt' and 'excluded' contractors." *See id.* § 9.1(b).

After Myck filed the Underlying Action against Plaintiffs, Plaintiffs made a tender to James River, seeking coverage under the Policy as "additional insureds." Compl. ¶ 14. On December 18, 2018, James River denied Plaintiffs' request for coverage. *Id.* ¶ 15.

On February 13, 2019, Plaintiffs brought suit against James River in the Supreme Court of New York, alleging claims for breach of contract and declaratory judgments. *See id.* at 3-7. On April 11, 2019, Defendant removed this case to this Court on the grounds of diversity jurisdiction, *see* Dkt. 1, and on April 17, 2019, it moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. 6.

On October 16, 2019, the Court granted Defendant's motion to dismiss. *See* Dkt. 22 (the "Order"). The Court concluded that, although Plaintiffs qualified as "additional insureds," the Policy nonetheless did not provide coverage for Myck's "on-site injury." *See* Order at 4. As the

Court explained, the Policy's express terms provided that it would not apply to "any liability arising out of . . . operations" where an OCIP had been provided by, for instance, the "owner of the construction project," Policy at ECF page 118, and the Subcontract—which listed the MTA as the "Owner"—clearly stated that "General Liability Insurance" for "on-site activities" would be "covered by owner-provided insurance under MTA's OCIP[.]" *See* Subcontract §§ 9.1, 1(a). The Court thus determined that, as "the Subcontract makes clear that on-site general liability is to be covered by the MTA's OCIP," Plaintiffs were not covered under the Policy "for Myck's injury which—it [was] undisputed—occurred on site." Order at 5-6. The Court also dismissed Plaintiffs' claims for a declaratory judgment as duplicative of their breach of contract claim. *See* Order at 6-7. Finally, although the Court expressed skepticism that Plaintiffs could amend their complaint so as to state a plausible claim for relief, it nevertheless granted Plaintiffs leave to file a motion to amend. *See* Order at 7-8.

On November 14, 2019, Plaintiffs filed a motion for reconsideration of the Order pursuant to Federal Rules of Civil Procedure 59 and 60 and to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). Dkt. 23. On December 6, 2019, Defendant filed its opposition, Dkt. 28, and on December 16, 2019, Plaintiffs filed a reply, Dkt. 29.

## DISCUSSION

### I. Plaintiffs' Motion for Reconsideration

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). To prevail on a motion for reconsideration, the movant must identify "an intervening change in controlling

4

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA), 2019 WL 2174085, at *2 (S.D.N.Y. May 20, 2019) (quoting *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Here, Plaintiffs do not actually assert any "intervening change in controlling law," new evidence, or "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255. Rather, Plaintiffs argue that "the Court erred in dismissing the complaint" because, from their perspective, the Court "improperly utilized a[n] exclusionary provision" in granting Defendant's motion to dismiss. *See* Pl. Mot., Dkt. 25, at 7. Contrary to Plaintiffs' suggestion, however, the Court based its determination that Plaintiffs failed to state a plausible claim on the plain language of the Policy and the Subcontract, and not solely on any "exclusionary provision." *See* Order at 4-7. It appears that, instead of raising any change in controlling law, new evidence, or clear error—as required to prevail on a motion for reconsideration—Plaintiffs merely "do[] not like the way the original motion was resolved." *Allied Mar., Inc. v. Rice Corp.*, 361 F. Supp. 2d 148, 149 (S.D.N.Y. 2004) (citation omitted). Such a view, however, does not constitute grounds for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the

apple'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Bldg. Serv. 32BJ Health Fund*, 2017 WL 1283843, at *1 (a motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (citation omitted). Accordingly, Plaintiffs' motion for reconsideration is denied.

## II. Plaintiffs' Motion to Amend

A motion to amend is evaluated under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Notwithstanding the liberal standard of Rule 15(a), however, a court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A proposed amendment is [] deemed futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss." *Najjar Grp., LLC v. West 56th Hotel LLC*, No. 14-CV-7120 (RA), 2017 WL 819487, at *3 (S.D.N.Y. Mar. 1, 2017) (citation omitted). District courts have broad discretion in ruling on a motion for leave to amend a complaint. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (collecting cases); *see also Orellana v. Macy's Retail Holdings, Inc.*, No. 17 Civ. 5192 (NRB), 2018 WL 3368716, at *7 (S.D.N.Y. July 10, 2018) ("Whether to grant leave, however, is ultimately 'within the sound discretion of the district court.'") (quoting *McCarthy*, 482 F.3d at 200).

Plaintiffs seek to amend the complaint to (1) add allegations purportedly demonstrating that Nuco was an "excluded contractor," and "as such, was not covered on the OCIP policy," *see* Pl. Mot. at 3; and (2) add the entity "El Sol Contracting Company Inc./El Sol Limited Enterprises,

6

J.V." as a plaintiff in this action, specifically in place of current plaintiff El Sol Contracting & Construction Corp., *see id.* at 5.

As to the first proposed amendment, Plaintiffs maintain that by adding allegations regarding Nuco's designation as an "excluded contractor," they are now able to state a claim for additional insured coverage under the Policy. According to the proposed amended complaint attached to Plaintiffs' motion, *see* Simon Decl. Ex. L ("Am. Compl."), Plaintiffs seek to add the following specific allegations regarding Nuco's status as an "excluded contractor": (1) that Nuco "was not an insured under the OCIP policy that was in effect at the job site," Am. Compl. ¶ 12; (2) that Nuco was "working on the job site as an 'Excluded Contractor'" at the time of the accident, *id.* ¶ 13; (3) that Nuco was "deemed to be an excluded contractor in terms of the OCIP policy" on March 13, 2017 and was thus "permitted to work at the jobsite utilizing its own coverages," *id.* ¶ 14; (4) that Nuco was "an excluded contractor in relation to the OCIP policy at the job site and as such was not covered under the OCIP policy," *id.* ¶ 23; and (5) and that "Excluded Contractors," such as Nuco, "were required to provide their own insurance naming the owner and contractors as additional insureds," *id.* ¶ 24.[2]

Even if the Court permitted Plaintiffs to amend the complaint to "reflect that NUCO was never insured under the OCIP policy at the time of the occurrence," Pl. Mot. at 5, Plaintiffs fail to show how such amendment would cure the deficiencies identified by the Order. Plaintiffs contend that the proposed amendment—"specifically not[ing]" that Nuco was designated as an "excluded contractor," *id.* at 3—would "serve to correct the defective pleading and permit this matter to proceed forward," *id.* at 5. But Plaintiffs do not explain how or why that is so. The terms of the Subcontract provide that the MTA's OCIP would cover on-site general liability, while the Policy

---

[2] Although Plaintiffs have not provided a redline comparing the proposed amendment to the current complaint, it appears that these five paragraphs are the only allegations that Plaintiffs seek to add.

would cover *off-site* general liability.  *See* Subcontract § 9.  The Subcontract does not carve out an exception for excluded contractors in connection with on-site general liability.  As the Court previously concluded, because Myck's accident indisputably occurred on-site, the Policy did not provide coverage to Plaintiffs as additional insureds for that accident.  Plaintiffs have not demonstrated why or how Nuco's alleged status as an "extended contractor," even if true, would change this conclusion.  Indeed, even assuming that Nuco, as an excluded contractor, was not covered by the MTA's OCIP and/or was required to furnish and maintain its own insurance policy, *see* Simon Decl. Ex. F, Dkt. 24-6, at MTA000020, MTA000031, such factual allegations do not establish that Nuco was in fact covered under the Policy with respect to Myck's on-site injury.

Plaintiffs point to Section 9.1(b) of the Subcontract.  But all that Section 9.1(b) provides as to "excluded" contractors is that, for more information on such contractors, the parties should refer to the OCIP Manual.  Plaintiffs assert that, "by amending the pleading to note that NUCO was an excluded contractor and as such, not subject to the OCIP policy, the terms and conditions of the OCIP manual can then be examined and incorporated to the extent of any obligation James River would have to provide insurance." Pl. Reply, Dkt. 29, at 2.  In other words, Plaintiffs contend that by alleging that Nuco was an "excluded contractor," they can "bring into play provisions of the OCIP manual which deals [sic] with situations involving excluded contractors and the requirement that the contractor provide its own insurance with additional insured provisions," thereby "creat[ing] proof that James River breached its obligations by not providing coverage as required 'by contract.'" *Id.* at 3.  Plaintiffs do not, however, explain which particular provisions from the OCIP Manual, if any, would effectively alter the terms of the Subcontract and the Policy.  Indeed, while the OCIP Manual "identifies, defines, and assigns responsibilities related to the administration of the [MTA's OCIP]," it clearly "[d]oes not and is not intended to provide coverage

8

interpretations." *See* Simon Decl. Ex. F at MTA000010.  Moreover, the OCIP Manual specifically provides that "[i]n the event there are any inconsistencies between this manual and the actual Contract Terms and Conditions or Technical Specifications, the Contract language shall prevail." *See id.*  Plaintiffs therefore cannot rely on information set forth in the OCIP Manual to alter the clear terms of the Subcontract or the Policy.

Plaintiffs also rely on Exhibits F, G, and H to the Simon Declaration for their proposition that Nuco's alleged status as an "excluded contractor" somehow cures the deficiencies in the initial complaint.  As to Exhibit F, Plaintiffs' Rule 26 Disclosures, Plaintiffs point specifically to the pages bates-stamped MTA000076 through MTA000085.[3]  *See* Pl. Mot. at 5.  Although some of these documents do indicate that Nuco was permitted to work as an "excluded contractor," they again do not demonstrate how such a designation changes the express terms of the Subcontract. And although Exhibit G, a June 14, 2019 email between the parties' counsel that includes excerpts from both the Subcontract and the OCIP Manual, states that "excluded contractors" are not "included under the OCIP" and are therefore "required to provide evidence of their own insurance to the Owner before access to the Site is []allowed," *see* Simon Decl. Ex. G, Dkt. 24-7, at 1, it nonetheless does not establish that the Policy provided coverage for on-site accidents.  In fact, nothing in Exhibits F, G, or H clarifies how excluded contractors are treated with respect to on-site versus off-site liability.  At the most, it seems that Nuco's designation as an excluded

---

[3] The pages bates-stamped MTA000076 through MTA000085 appear to consist of a Certificate of Insurance issued by the MTA to Nuco (MTA000076-77); a March 13, 2017 email from the MTA-Onsite OCIP Administrator stating that "Nuco Painting will be allowed to work as [an] excluded contractor," (MTA000078-79); a March 9, 2017 email about payroll (MTA000080); an "Additional Insured" section of a commercial general liability policy with the policy number 16CG0202161 (MTA000081-82); a March 10, 2017 Certificate of Workers' Compensation Insurance listing Nuco as the Policyholder and El Sol Contracting as the Certificate Holder (MTA000083); a March 13, 2017 Letter of Transmittal from El Sol Contracting/El Sol Ltd. Enterprises JV to Metro North Railroad, transmitting a Certificate of Insurance (MTA000084); and a March 13, 2017 email about an "Insurance Certificate from NUCO Painting" (MTA000085).  *See* Simon Decl. Ex. F at ECF page 81-90; *see also* Simon Decl. Ex. H, Dkt. 24-8 (MTA000076 through MTA000085 of Plaintiffs' Rule 26 Disclosures).

9

contractor made it responsible for "furnish[ing] evidence of its own insurance . . . as outlined in the Contract." *See* Simon Decl. Ex. F at MTA000020. Under the terms of the agreements at issue, however, mere designation as an excluded contractor does not appear to change the circumstances under which the Policy provides coverage.

Accordingly, because Plaintiffs' proposed amendment would not withstand a Rule 12(b)(6) motion, it would be futile to grant Plaintiffs leave to amend. Plaintiffs' motion to amend is therefore denied.[4]

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration and for leave to amend is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 23 and close this case.

SO ORDERED.

Dated:   August 27, 2020
         New York, New York

Ronnie Abrams
United States District Judge

---

[4] As to the proposed addition of "El Sol Contracting Company Inc./El Sol Limited Enterprises, J.V." as a plaintiff in this action, Plaintiffs point to a Stipulation from the Underlying Action—entered into between Plaintiffs, Nuco, and Myck, and so-ordered on October 15, 2019—adding El Sol Contracting Company Inc./El Sol Limited Enterprises, J.V. as a "direct defendant" in that action "in place and instead of" El Sol Contracting & Construction Corp. *See* Simon Decl. Ex. M, Dkt. 24-13. Defendant does not actually address Plaintiffs' request to replace "El Sol Contracting & Construction Corp." with "El Sol Contracting Company Inc./El Sol Limited Enterprises, J.V.," but since the Court has denied Plaintiffs' motion as to its substantive amendment, it need not address this issue.